```
                    UNITED STATES DISTRICT COURT                    FILED
                    NORTHERN DISTRICT OF ALABAMA                  00 DEC 22 PM 1:21
                        NORTHEASTERN DIVISION
                                                                  U.S. DISTRICT COURT
ALESHA R. BROCKWAY,              )                                 N.D. OF ALABAMA
                                 )
     Plaintiff,                  )
                                 )
vs.                              )  Civil Action No. CV-00-S-2970-NE
                                 )
DAIMLER CHRYSLER CORPORATION;    )
et al.,                          )
                                 )
     Defendants,                 )
                                 )
RICK HOBBS,                      )                                  ENTERED
                                 )
     Defendant\Counter-          )                                 DEC 22 2000
     Plaintiff,                  )
                                 )
vs.                              )
                                 )
ALESHA BROCKWAY, PATRICK         )
HYATT, SAMMY CHILDERS,           )
RICK LUSTI, and CHRISTOPHER      )
ANDERTON,                        )
                                 )
     Counterclaim Defendants.    )
```

### MEMORANDUM OPINION

This is an action in which plaintiff Alesha Brockway claims that defendants — *i.e.*, Daimler-Chrysler Corporation (her employer), United Auto Workers Local No. 1413, and Rick Hobbs (the Union's plant shop chairman) — subjected her to a sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*[1] The case presently is before the court on plaintiff's motion to dismiss the

---
[1] In addition to her Title VII claim (Count I), plaintiff also asserts state law claims for assault and battery (Count II), invasion of privacy (Count III), and conspiracy to interfere with plaintiff's contract of employment (Count IV).

3/

counterclaims of defendant Rick Hobbs (doc. no. 26). Upon consideration of the motion, pleadings, and applicable law, the court concludes the motion is due to be granted.

## I. BACKGROUND

Plaintiff began her employment with Daimler-Chrysler during January of 1995. Between May of 1999 and March of 2000, Rick Hobbs was her supervisor. She alleges that Hobbs sexually harassed her at the workplace by engaging in sexually explicit conversations, soliciting sexual favors, making sexually objectionable comments, and physically assaulting her while demanding oral sex.

After plaintiff lodged complaints about Hobbs' conduct with her employer's human resources department, her work equipment was repeatedly sabotaged. She charges Hobbs with having enlisted a co-employee (and his former roommate), Charles Sulcer, to tamper with her equipment. She also alleges that Sulcer spread rumors that she had engaged in an extra-marital sexual relationship with a man named Benny Wilbour, and that her automobile was vandalized.[2]

Plaintiff received a harassing telephone call at her home on May 2, 2000, and believed that she heard Hobbs' voice in the background. After complaining to supervisors about the call, Hobbs confronted, and verbally abused plaintiff, castigating her as a "damn liar" and a "f---ing bitch." Plaintiff subsequently received

---

[2]Brockway's tires were slashed and the sides of her car scraped with a key.

many more harassing telephone calls.

Following receipt of an EEOC notice of right to sue, plaintiff commenced this suit in the Circuit Court of Madison County, Alabama. Defendant Rick Hobbs filed an answer and counterclaim following removal of the action to this court.

Hobbs' counterclaims[3] are asserted not only against the plaintiff, but four other persons joined as counterclaim-defendants: namely, Patrick Hyatt, Sammy Childers, Ricky Lusti, and Christopher Anderton.[4] Hobbs seeks the recovery of compensatory and punitive damages for personal injuries received in a brutal assault that occurred outside a saloon. He alleges that while patronizing "CD's Pub and Grill" in Madison, Alabama, on May 5, 2000, one of the four men he has named as counterclaim-defendants asked him "to step out[side]."[5] When he did, the other men were waiting for him. One of them beat Hobbs on the head and arms with a baseball bat,[6] inflicting permanent injuries,[7] while the others thrashed him with their fists.[8] Hobbs asserts that plaintiff "requested the assault and battery by [counterclaim-

---

[3] Hobbs' counterclaim contains four counts, each seeking recovery of compensatory and punitive damages under state tort law: *i.e.*, assault & battery (count I); conspiracy (count II); willful and wanton misconduct (count III); and negligence (count IV).

[4] Answer and counterclaim of defendant Rick Hobbs (doc. no. 16) ¶ 5, at 8.

[5] *Id.*

[6] *Id.*

[7] *Id.* ¶ 6, at 9.

[8] *Id.* ¶ 7, at 9.

defendants] and is therefore liable as a principal."[9]

Plaintiff asks this court to dismiss the counterclaims, because the assault is in "no way" connected to her claims: "the two causes of actions do not arise out of the same transaction, occurrence, or series of transactions or occurrences and there are not questions of law or fact common to all of these persons in this action."[10]

## II. DISCUSSION

Plaintiff's decision to base her motion upon Fed. R. Civ. P. Rule 20 is puzzling. Rule 20(a)[11] pertains to joinder of <u>parties</u>, not the joinder of <u>claims</u>.[12] Plaintiff's argument on this point is

---

[9]<i>Id.</i> at 9.

[10]Motion to dismiss counterclaim (doc. no. 26).

[11]Rule 20(a) provides:

> (a) PERMISSIVE JOINDER. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. <u>All persons</u> (and any vessel, cargo or other property subject to admiralty process in rem) <u>may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action</u>. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed. R. Civ. P. 20(a) (emphasis supplied).

[12]The rule allows joinder "of all <u>persons</u> ... defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Wright, Miller

4

without merit. That is not the end of discussion, however.

Rule 13(h) provides for the joinder of additional parties to a counterclaim in order to permit full adjudication of the claim in one proceeding: "Persons other than those made parties to the original action may be made parties to a counterclaim and cross-claim in accordance with the provisions of Rules 19 and 20." Thus, because the additional parties (Hyatt, Childers, Lusti, and Anderton) were joined pursuant to Rule 20[13] (the issues raised in Hobbs' counterclaims involve questions of law or fact common to all the named counterclaim-defendants), they were properly joined as additional parties pursuant to Rule 13(h).

The real issue in this case, however, is whether Hobbs' counterclaims are compulsory or permissive. Important consequences turn on the distinction. The determination is crucial here,

---

& Kane, *Federal Practice and Procedure: Civil 2d* § 1652, at 371 (2d ed. 1986) (emphasis added) (footnote omitted).

[13]Hobbs also contends that the additional counter-defendants were made proper parties pursuant to Rule 19 of the Federal Rules of Civil Procedure. See answer and counterclaim of defendant Hobbs (doc. no. 16), at 8. Rule 19(a) provides, in pertinent part, that:

> (a) PERSONS TO BE JOINED IF FEASIBLE. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii)leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

because it will impact this court's jurisdiction. A federal court is required "to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Indeed, "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868).

Compulsory counterclaims are addressed in Rule 13(a), which provides:

> (a) COMPULSORY COUNTERCLAIMS. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, <u>if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim</u> and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a) (emphasis supplied). Failure to plead a compulsory counterclaim bars a party from later bringing an independent action on that claim. *Cleckner v. Republic Van and Storage Co.*, 556 F.2d 766, 769 n.3 (5th Cir. 1977).[14] Moreover, "a compulsory counterclaim falls within the [supplemental] jurisdiction of the federal courts even if it would ordinarily be

---

[14] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981 (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

a matter for state court consideration." *Plant v. Blazer Financial Services of Georgia, Inc.*, 598 F.2d 1357, 1359 (5th Cir. 1979).[15]

Counterclaims are permissive, however, when they fail to meet the compulsory counterclaim test of Rule 13(a).

> (b) PERMISSIVE COUNTERCLAIMS. A pleading may state as a counterclaim any claim against an opposing party <u>not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim</u>.

Fed. R. Civ. P. 13(b) (emphasis supplied). Permissive counterclaims are not waived or barred when omitted from the original action. 6 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 1420, at 156 (2d ed. 1990). More importantly, for purposes of this case, permissive counterclaims must be supported by independent grounds of federal jurisdiction. *Plant*, 598 F.2d at 1359.

Hobbs has not demonstrated an independent ground of federal jurisdiction for his counterclaims. They do not arise under "the Constitution, laws or treaties of the United States," and this court consequently lacks federal question jurisdiction under 28 U.S.C. § 1331. Hobbs also failed to establish that this court possesses diversity jurisdiction over his counterclaims.[16] As a

---

[15]See *supra* note 14.

[16]When a federal court's jurisdiction is based upon 28 U.S.C. § 1332(a)(1), the plaintiff bears an obligation to demonstrate in his complaint (or, as in this case, his counterclaim) that complete diversity of citizenship exists between the parties, and, that the court's jurisdictional amount is in controversy. *See, e.g.,* Carden v. Arkoma Associates, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 108 L.Ed.2d 157 (1990); Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th

consequence, this court cannot entertain his counterclaims unless they are compulsory.

When determining whether a counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and, therefore, is compulsory, the Eleventh Circuit employs a "logical relationship" test. *Republic Health Corp. v. Lifemark Hospitals of Florida, Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985) (citing *United States v. Aronson*, 617 F.2d 119, 121 (5th Cir.1980)).

> A claim has a "logical relationship" to the original claim if it arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant.

*Montgomery Ward Development Corp. v. Juster* 932 F.2d 1378, 1381 (11th Cir. 1991) (quoting *Neil v. South Florida Auto Painters, Inc.*, 397 So.2d 1160, 1164 (Fla. Dist. Ct. App. 1981)).

Even though it sometimes has been said that this test is a "loose standard which permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits," *Plant*, 598 F.2d

---

Cir. 1980); Camper & Nicholson International, Limited v. Blonder Marine & Charter, Inc., 793 F. Supp. 318, 319 (S.D. Fla. 1992). Hobbs does not allege either his own, or the counterclaim-defendants' citizenship. He also does not demand judgment for a specific amount of damages, much less the jurisdictional threshold of $75,000. As such, Hobbs has not established that diversity jurisdiction exists.

8

at 1361 (citation and internal quotation marks omitted), this court concludes there is no logical relationship between the claims asserted in plaintiff's complaint and Hobbs' counterclaims. The essential facts relating to plaintiff's claims all center on events that occurred in the Daimler-Chrysler workplace, not "CD's Pub and Grill" in Madison, Alabama. The mere fact (if it be a fact) that plaintiff connived the assault of Hobbs at some other time and place — even if that tortious (and conceivably criminal) solicitation boiled from animosities that festered in their mutual workplace — is not a sufficient nexus to satisfy even the "loose" standard of the logical relationship test. Plaintiff's claims and Hobbs' counterclaims simply are based on distinctly different facts and law, necessarily requiring the presentation of substantially different evidence and testimony at trial. As such, Hobbs' counterclaims are permissive; and, lacking an independent jurisdictional basis, they must be dismissed — but of course without prejudice to Hobbs' right to pursue them in an appropriate state forum.

An appropriate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this **22nd** day of December, 2000.

_____
United States District Judge