UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
02 JAN -9 PM 3:42

N.D. OF ALABAMA

| | | |
|---|---|---|
| ALESHA BROCKWAY, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. CV-00-S-2970-NE |
| DAIMLER CHRYSLER CORPORATION; UNITED AUTO WORKERS LOCAL #1413; RICK HOBBS; CHARLES SULCER; | ) ) ) ) | ENTERED |
| Defendants. | ) | JAN 0 9 2002 |

### MEMORANDUM OPINION

This action presently is before the court on the following motions: the motion of defendant DaimlerChrysler Corporation ("DaimlerChrysler") for leave to file an amended answer (doc. no. 69); plaintiff's motions to compel defendants United Auto Workers Local #1413 and DaimlerChrysler to respond to certain interrogatories and requests for production (doc. nos. 71 and 72, respectively); the motion filed by defendants Hobbs and Sulcer for leave to file amended answers (doc. no. 76); DaimlerChrysler's motion to compel and for sanctions (doc. no. 77); and, the motion for sanctions filed by defendants Hobbs and Sulcer (doc. no. 78).

### I. DAIMLER CHRYSLER'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER

DaimlerChrysler requests leave to file an amended answer, based on evidence discovered during plaintiff's deposition that she used illegal drugs on DaimlerChrysler's premises. DaimlerChrysler contends that, had it known about plaintiff's conduct, she would have been terminated, and that this evidence at least limits plaintiff's remedy. *See McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 115 S. Ct. 879, 130 L.Ed.2d 852 (1995); *Wallace v. Dunn*



*Construction Company, Inc.*, 62 F.3d 374 (11th Cir. 1995). Plaintiff has not objected to the motion, and the court concludes that leave should be granted for DaimlerChrysler to amend its answer to include this defense.

## II. PLAINTIFF'S MOTIONS TO COMPEL

Plaintiff has filed motions to compel United Auto Workers Local #1413 and DaimlerChrysler to respond to interrogatories and requests for production (doc. nos. 71 and 72). Plaintiff contends that United Local #1413 and DaimlerChrysler have "responded with objections, evasive incomplete answers and [have] failed to produce any documents."[1] Plaintiff's counsel represents that he has "in good faith contacted and conferred in person with the attorney[s] of the defendant on November 12, 2001, in an effort to secure the information without resorting to court action."[2]

United Auto Workers Local #1413 and DaimlerChrysler oppose the motions to compel, on the grounds that plaintiff has failed to specify the basis for her contention that the objections asserted by each defendant are improper. Moreover, United Auto Workers Local #1413 and DaimlerChrysler dispute plaintiff's counsel's assertion that he conferred with them in an effort to resolve the dispute. They point out that, on November 12, 2001, during the conclusion of plaintiff's deposition, plaintiff's counsel asked, generally, whether anyone wanted to supplement their discovery responses before he filed a motion to compel.[3]

The court finds the arguments of United Auto Workers Local #1413 and DaimlerChrysler to be persuasive and well-taken. For the reasons stated in their oppositions to the motions to compel, plaintiff's motions to compel are due to be denied.

---

[1] Plaintiff's Motions to Compel (doc. nos. 71 and 72) ¶ 2.
[2] *Id.* ¶ 3.
[3] Defendant UAW Local 1413's Response in Opposition to Plaintiff Alesha Brockway's Motion to Compel (doc. no. 74), at 6; Defendant DaimlerChrysler's Opposition to Plaintiff's Motion to Compel (doc. no. 75), at 4.

### III. HOBBS' AND SULCER'S MOTION FOR LEAVE TO FILE AMENDED ANSWERS

Hobbs and Sulcer seek to amend their answers to include additional defenses. They assert that, until plaintiff was deposed, they were unaware of the defenses of plaintiff's consent, and, that she had no reasonable expectation of privacy as to the complained-of acts. In their motion, Hobbs and Sulcer contend that "[d]uring Plaintiff's deposition, counsel for Defendants Hobbs and Sulcer was able to explore the details of Plaintiff's vague factual allegations contained in her complaint."

While the court finds it difficult to see why such defenses would not have been apparent from the face of plaintiff's complaint, Hobbs and Sulcer will be permitted to amend their answers to include these defenses, because plaintiff has failed to object, and because leave to amend pleadings "shall be freely given when justice so requires." Federal Rule of Civil Procedure 15(a).

### IV. DAIMLER CHRYSLER'S MOTION TO COMPEL AND FOR SANCTIONS

DaimlerChrysler has filed a motion to compel and/or for sanctions against plaintiff and her counsel. DaimlerChrysler's motion is based on two incidents where plaintiff failed to appear. The first concerns plaintiff's failure to appear on October 5, 2001 for a scheduled independent medical examination pursuant to Federal Rule of Civil Procedure 35, and, her 90-minute tardiness to the rescheduled appointment on November 8, 2001. The second concerns plaintiff's failure to appear for deposition on October 26, 2001. DaimlerChrysler seeks to recover a total of $2,142.50 representing the physician's time, and the costs and fees associated with the deposition at which plaintiff did not appear.

By way of explanation with respect to the first incident, plaintiff's counsel represents[4] that plaintiff did not realize that the doctor's office was in Pelham, Alabama, some distance from her

---

[4] No evidence has been submitted in support of this representation.

-3-

residence, until it was too late to arrive on time to the appointment. According to DaimlerChrysler, when the appointment was rescheduled for the morning of November 8, 2001, plaintiff, through counsel, expressed reservations about driving to the doctor's office early in the morning. Accordingly, DaimlerChrysler advanced plaintiff $100, so that she could stay overnight near the doctor's office, and, arrive on time for the appointment. Plaintiff still appeared for her appointment 90 minutes late. Plaintiff's counsel represents[5] that the directions plaintiff received to the doctor's office were incorrect, and that she was delayed in locating the office for that reason.

With respect to the second incident, DaimlerChrysler noticed plaintiff's deposition for October 24, 25, and 26, 2001. Plaintiff appeared and was deposed on October 24 and 25, but she failed to appear as scheduled on October 26. Plaintiff's counsel informed counsel for the other parties who were present for the deposition that plaintiff and her husband had experienced car trouble, but that they would arrive shortly. When plaintiff had not appeared by 1:55 p.m., counsel proceeded with the deposition of another witness. Plaintiff never appeared for deposition on October 26, 2001.

The conclusion of plaintiff's deposition was rescheduled and occurred on November 12, 2001. During the deposition, plaintiff testified that she had initially experienced car trouble on the morning of October 26 — a flat tire — but that after having been deposed during the two previous days, her nerves were "bad."[6] She further admitted to having used "crack" (cocaine base) during the evening of October 25.[7] Plaintiff's counsel asserts that he "firmly believes" that she was mentally

---

[5] Plaintiff's counsel asserts that plaintiff and her husband testified as to these facts; however, no deposition transcripts were submitted in support of plaintiff's response to the motion.

[6] Brockway deposition at 117, attached as an exhibit to defendant DaimlerChrysler's Motion to Compel and/or for Sanctions (doc. no. 77).

[7] *Id.* at 118-19.

unable to continue the deposition on October 26, because she had been upset during her deposition on October 24 and 25; however, no evidence has been submitted in support of that assertion.

Federal Rule of Civil Procedure 37(b)(2) provides for sanctions "[i]f a party ... fails to obey an order to provide or permit discovery." "Sanctions allowed under Rule 37 are intended to 1) compensate the court and other parties for the added expense caused by discovery abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney." *Wouters v. Martin County, Florida*, 9 F.3d 924, 933 (11th Cir. 1993).

The court concludes that sanctions are appropriate here. Plaintiff has failed to demonstrate good cause for her failure to appear for the first scheduled appointment for an independent medical examination, or for her untimely arrival, despite arrangements made by DaimlerChrysler to facilitate her attendance, to the rescheduled appointment.[8] Moreover, her failure to appear for the third day of her deposition cannot be excused. Accordingly, DaimlerChrysler's motion is due to be granted, and costs and reasonable attorney's fees incurred due to plaintiff's failure to appear will be imposed. The costs and reasonable attorney's fees incurred by DaimlerChrysler in obtaining sanctions for plaintiff's failure to appear will also be imposed.

## V. HOBBS' AND SULCER'S MOTION FOR SANCTIONS

Hobbs and Sulcer also seek sanctions against plaintiff and/or her counsel for her failure to appear for deposition on October 26, 2001. For the reasons set forth *supra*, the motion is due to be granted, and costs and reasonable attorney's fees incurred by Hobbs' and Sulcer's counsel due to plaintiff's failure to appear for deposition will be imposed, as well as the costs and reasonable attorney's fees incurred in obtaining sanctions.

---

[8] There is no indication that plaintiff telephoned the doctor's office to advise that she would be late, or to ask for better directions.

One aspect of the motion bears discussion, however, as Hobbs and Sulcer seek sanctions against plaintiff's *counsel*, asserting that he misrepresented to opposing counsel his communications with plaintiff on October 26. Specifically, Hobbs and Sulcer contend that, although plaintiff's counsel represented that he had spoken to plaintiff's husband twice, and that her husband had advised him that the car had been repaired and that they were on the way to the deposition, plaintiff's husband's deposition testimony contradicted her counsel's statements. Hobbs and Sulcer conclude that plaintiff's counsel misrepresented plaintiff's impending arrival. In response, plaintiff's counsel has submitted an affidavit affirming that he spoke to plaintiff's husband twice on October 26, and he has also submitted cellular telephone records indicating his attempts to reach plaintiff on October 26. The court cannot conclude that plaintiff's counsel made misrepresentations to opposing counsel regarding plaintiff's failure to appear for the deposition. As such, sanctions will not be imposed against plaintiff's counsel.

## VI. CONCLUSION

A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 9th day of January, 2002.

_____
United States District Judge